WYNN, Circuit Judge,
dissenting:
Our review of an arbitrator’s award is so “severely circumscribed” that it is “among the narrowest known at law.” Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir.1998) (footnote omitted). Not surprisingly, then, even an “erroneous interpretation of the *249 agreement in question” cannot serve as a basis for vacating an arbitration award. Id. at 194. Instead, “[a]s long as the arbitrator is even arguably construing or applying the contract!,] a court may not vacate the arbitrator’s judgment.” Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31, 933 F.2d 225, 229 (4th Cir.1991) (quotation marks omitted).
In this case, the arbitrator interpreted a release agreement stating that Arun Walia promised “never to file a lawsuit or assist in or commence any action” related to his employment as applying to claims in courts but not to disputes in arbitrations. J.A. 250-51, 66. Because the arbitrator’s interpretation, which more than arguably applies the contract, does not manifestly disregard the law, I cannot support overthrowing the arbitrator’s award on that basis. Accordingly, I must respectfully dissent.
I.
As the majority notes, Kiran Dewan employed Walia in 2003, but they parted ways in 2009. At the time they parted, Dewan, an attorney, drafted a release agreement that Walia ultimately signed. Under the agreement, Walia “release[d]” and “discharge[d]” claims against Dewan, promising “never to file a lawsuit or assist in or commence any action” relating to his employment. J.A. 250-51. In exchange, De-wan paid Walia $7,000.
The arbitrator concluded that the release agreement was “valid and enforceable” and “[ajccordingly, all [Walia’s] rights for all ... claims in federal or state courts as well as attorney’s fees are now waived.” J.A. 66. In other words, the arbitrator concluded that the agreement released Dewan only as to claims asserted in court, not disputes brought to an arbi-tral forum.
II.
“As we have made clear repeatedly: Judicial review of an arbitration award in federal court is substantially circumscribed.” Raymond James Fin. Servs., Inc. v. Bishop, 596 F.3d 183, 190 (4th Cir.2010) (quotation marks and omitted). Indeed, “the scope of judicial review for an arbitrator’s decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all-the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.” Id. (quotation marks omitted).
We have consistently emphasized that, in reviewing an arbitration award, “a district or appellate court is limited to determine whether the arbitrators did the job they were told to do-not whether they did it well, or correctly, or reasonably, but simply whether they did it.” Id. (quotation marks omitted). Thus, in reviewing an arbitrator’s contract interpretation, a court “must uphold it so long as it draws its essence from the agreement.” Upshur Coals Corp., 933 F.2d at 229 (quotation marks omitted). Stated differently, “[a]s long as the arbitrator is even arguably construing or applying the contract!,]” the reviewing court’s conviction that the arbitrator committed “serious error does not suffice to overturn his decision.” Long John Silver’s Rests., Inc. v. Cole, 514 F.3d 345, 349 (4th Cir.2008) (quotation marks omitted).
III.
In this case, the arbitrator reasonably interpreted the agreement to release suits in court but not disputes in arbitration. The release agreement specifically barred “lawsuits” and “actions.” J.A. 250-51. Neither term is defined in the release *250 agreement. However, both terms are generally understood to mean proceedings in a judicial forum, not arbitration. See UBS Fin. Servs., Inc. v. Carilion Clinic, 706 F.3d 319, 329-30 (4th Cir.2013) (noting that the phrase “actions and proceedings” is generally construed as a judicial proceeding and does not encompass arbitration); see also Black’s Law Dictionary 32, 1572 (9th ed.2009) (defining “action” as “[a] civil or criminal judicial proceeding” and “lawsuit” as “[a]ny proceeding by a party or parties against another in a court of law”). Nowhere did the release agreement state that it barred arbitration. I cannot agree with the majority that interpreting the agreement as releasing suits in court but not arbitration requires “linguistic gymnastics,” ante at 248, or an “untenable” attempt to “finely” “parse” the release. Ante at 247.
In contrast to the arbitrator, the majority interprets the agreement as releasing all claims regardless of forum. This interpretation, too, is reasonable and arguably “may be the more logical one.” Atalla v. Abdul-Baki, 976 F.2d 189, 194 (4th Cir.1992) (concluding that a settlement agreement read as a whole did not unambiguously release the plaintiffs claims, despite inclusion of “an all-encompassing release clause,” id. at 193). But it is not the only one. Cf. id. at 193-94. The arbitrator thus did not “disregard or modify unambiguous contract provisions,” ante at 246, and vacatur on that basis is thus unjustified.
Further, I cannot agree with the majority’s statement that the release agreement “could not be more expansive, clear, or unambiguous.” Ante at 248. Indeed, the release agreement could have “release[d]” and “diseharge[d]” all claims and disputes not just in the form of “lawsuit[s]” or “actions” but “in any and all forms and in any and all fora.” J.A. 250-51. Or it could have made clear that Walia “promised never to file a lawsuit, or assist in or commence any action or arbitration or any other form of dispute for adjudication in any forum whatsoever.” But it did not.
Because the arbitrator unquestionably construed the release agreement at issue, we are not at liberty to substitute our preferred interpretation for the arbitrator’s. Upshur Coals Corp., 933 F.2d at 229 (“As long as the arbitrator is even arguably construing or applying the con-tráete,] a court may not vacate the arbitrator’s judgment.” (quotation marks omitted)). “[Vjacatur of an arbitration award is, and must be, a rare occurrence....” Raymond James Fin. Servs., Inc., 596 F.3d at 184. The contract interpretation dispute here simply does not present that rare circumstance justifying our overthrowing an arbitration award. Consequently, I respectfully dissent.